IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| PATRICK LEMUEL BASS | * | |
|     Plaintiff, | * | |
|     v. | * | 2:08-CV-469-WHA |
| | | (WO) |
| M.E. BRANTLEY, *et al.*, | * | |
|     Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this 42 U.S.C. § 1983 action on June 17, 2008. When he filed this complaint, Plaintiff was an inmate incarcerated at the Montgomery City Jail located in Montgomery, Alabama. On July 1, 2008 the court entered an order of procedure. (*Doc. No. 5.*) On July 7, 2008 Plaintiff provided the court with a change of address. When Plaintiff's copy of the July 1, 2008 order of procedure was returned to the court marked as undeliverable, the clerk re-mailed Document Number 5 to Plaintiff at his most recent address. On July 28, 2008 Plaintiff's re-mailed copy of the July 1 order of procedure was returned to the court marked "return to sender, inmate not here" because Plaintiff was no longer at the most recent address he provided to the court. Consequently, an order was entered on August 1, 2008 directing Plaintiff to provide the court with his present address on or before August 11, 2008. (*Doc. No. 8.*) Plaintiff was cautioned that his failure to comply with the court's August 1 order would result in a recommendation that this case be dismissed. (*Id.*) The

envelope containing Plaintiff's copy of this order was returned to the court on August 8, 2008 marked as undeliverable.

It is clear that Plaintiff is no longer incarcerated at the Lee County Detention Center, the most recent address he provided to the court, and that he has not provided this court with his current address. The undersigned, therefore, concludes that this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 25, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of September, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE